# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI ex rel., ERIC S. SCHMITT, | ) ) ) |
| Plaintiff, | ) ) ) Case No. |
| v. | ) ) |
| SAM PAGE, et al., | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COME NOW Defendants St. Louis County Department of Public Health, Dr. Sam Page, Dr. Faisal Khan, and County Counselor Beth Orwick (collectively, the "County") and, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby file their Notice of Removal of the action styled *State of Missouri ex rel. Eric S. Schmitt v. Sam Page, et al.*, Case No. 21SL-CC03334, pending in the Circuit Court of St. Louis County, Missouri (the "State Court"), to the United States District Court for the Eastern District of Missouri. As grounds for removal, the County respectfully states as follows:

## INTRODUCTION

1. On July 26, 2021, Missouri Attorney General Eric Schmitt ("AG Schmitt") commenced this action by filing a Petition (the "Original Petition") in the State Court.

2. On July 28, 2021, AG Schmitt filed a First Amended Petition ("Amended Petition") in the State Court.

3. In the Amended Petition, AG Schmitt purports to raise various challenges to public health orders in St. Louis County and the City of St. Louis (the "City"), including challenges regarding the constitutionality of such orders.

4. The County was served and accepted service of the Amended Petition as of July 28, 2021. Defendants City of St. Louis Mayor Tishaura Jones, Acting Director of the Department of Health for the City of St. Louis Fredrick Echols, and the Department of Health for the City of St. Louis accepted service of the Amended Petition on July 28, 2021.

5. This Notice of Removal is thus filed within thirty (30) days after the County (and the City) was served with the Original Petition and the Amended Petition in the State Court action. The County has not filed any responsive pleadings in the State Court action prior to filing this Notice of Removal. This Court embraces the place where the State Court action is pending.

6. This action is timely removed pursuant to 28 U.S.C. § 1446(b).

7. All process, pleadings or papers served on the County in this action are attached hereto collectively as **Exhibit 1** and are incorporated herein by reference.

## STATE COURT LAWSUIT

8. In the Amended Petition, AG Schmitt alleges that the County's Individual Face Covering Order and the City's Individual Face Covering Order (together, the "County and City Individual Face Covering Orders") are unlawful. Specifically, in Count VIII, AG Schmitt "challenges the validity of [the County and City Individual Face Covering Orders], and seeks a declaration that they are 'unreasonable, arbitrary, or capricious,' as well as 'unlawful' and 'unconstitutional,' as to those individuals whose religious exercise the mandate burdens." (Exhibit 1, Am. Pet., ¶ 158).

9. The County Individual Face Covering Order provides that "Face Coverings are required to be properly worn by all individuals ages 5 and older while in indoor and enclosed public buildings and spaces and public transportation vessels in St. Louis County." (Exhibit 1, Am. Pet., at Ex. C thereto, § III.1).

10. However, the County Individual Face Covering Order further provides that "Face Coverings are not required to be worn by . . . [p]ersons who are obtaining a service, including a religious service, involving the nose or face for which temporary removal of the Face Covering is necessary to perform the service." (*Id.* § III.3.viii). AG Schmitt alleges that "because that exception requires officials to evaluate the sincerity of a religious belief, the [County Individual Face Covering Order] violates the Free Exercise Clause of the United States and Missouri constitutions." (Exhibit 1, Am. Pet., ¶ 162).

### FEDERAL QUESTION JURISDICTION

11. Jurisdiction in this Court is proper because Count VIII of the Amended Petition arises under, or necessarily depends upon a construction of, the Constitution of the United States.

12. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016).

14. "The First Amendment commands in part that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.'" *United States v. Corum*, 362 F.3d 489, 495 (8th Cir. 2004) (quoting U.S. CONST. AMEND. I). "The Free Exercise

Clause, which applies to the States under the Fourteenth Amendment, 'protects religious observers against unequal treatment' and against 'laws that impose special disabilities on the basis of religious status.'" *Espinoza v. Montana Dep't of Rev.*, 140 S. Ct. 2246, 2254 (2020) (quoting *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 (2017)); *see also Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1052 (8th Cir. 2020) (same).

15. Based on the express allegations in the Amended Petition, this Court has federal question jurisdiction. AG Schmitt alleges that the County Individual Face Covering Order "requires officials to evaluate the sincerity of a religious belief," which he further alleges "violates the Free Exercise Clause of the United States and Missouri constitutions." (Exhibit 1, Am. Pet., ¶ 162). AG Schmitt also alleges that the County and City Individual Face Covering Orders are "'unlawful' and 'unconstitutional,' as to those individuals whose religious exercise the mandate burdens." (*Id.* ¶ 158). As such, federal question jurisdiction exists based upon the face of the Amended Petition.

16. Any attempt by AG Schmitt to suggest that the Amended Petition's reliance on federal law within a state-law claim is insufficient to give rise to federal question jurisdiction would be without merit. "A plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). Indeed, the Eighth Circuit has specifically observed that "[f]ederal jurisdiction may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal question, even where only state law issues have been pled." *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

17. For example, in *Country Club Estates, LLC v. Town of Loma Linda*, the plaintiffs filed a state-court complaint challenging "the legality of various zoning and taxing actions taken

4

by the Town." 213 F.3d 1001, 1002 (8th Cir. 2000). Although the complaint was based almost entirely on Missouri law, the plaintiffs alleged they "were not given proper notice of the hearing as required by the Statutes and Constitution of Missouri and the Constitution of the United States of America, including those provisions which prohibit the taking of property without due process of law, which process requires proper notice." *Id.* at 1003. Based on this allegation, the town removed to federal court, and the district court denied the plaintiffs' motion to remand. *Id.* On appeal, the Eighth Circuit held that "the District Court correctly denied the motion to remand." *Id.* The court reasoned:

> The reference to the Constitution of the United States is unequivocal. If the Due Process Clause of the Fourteenth Amendment is given one construction, the claim will prevail; if it is given another, the claim will fail. This is a paradigm case for arising-under jurisdiction.

*Id.* The court further reasoned that it was immaterial that "most of [the plaintiffs'] complaint alleges violations of state law." *Id.*

18. This Court has, as it must, followed the Eighth Circuit's direction in recognizing the existence of federal question jurisdiction based on a single allegation. *See, e.g.*, *Hammond v. City of Ladue*, No. 4:10CV1977 JCH, 2010 WL 5392831, at *3 (E.D. Mo. Dec. 21, 2010) (holding petition removable on federal question grounds where it invoked United States Constitution in asserting state law claims).

19. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over AG Schmitt's other claims because they are part of the same case or controversy as the claim over which the Court has federal question jurisdiction.

20. As such, this Court has jurisdiction over all of AG Schmitt's claims.

## **NOTICE**

21. Removal of this action is not prohibited by 28 U.S.C. § 1445.

5

22. On this date, the County is filing a Notice to Clerk of Removal to the Clerk of the Circuit Court of St. Louis County, Missouri. A copy of the Notice to Clerk will be electronically filed with this Court.

23. On this date, the County is mailing and emailing a Notice to AG Schmitt, through his counsel of record, stating that a Notice of Removal to the Clerk of the United States District Court for the Eastern District of Missouri was filed, and serving a copy of this Notice of Removal upon AG Schmitt. A copy of the Notice to AG Schmitt will be electronically filed with this Court.

24. Defendants City of St. Louis Mayor Tishaura Jones, Acting Director of the Department of Health for the City of St. Louis Fredrick Echols, and the Department of Health for the City of St. Louis all consent to this removal. A copy of their consent is attached hereto as **Exhibit 2**.

25. The civil cover sheet and original filing form are attached hereto as **Exhibit 3** and **Exhibit 4**, respectively.

26. Accordingly, this action may be properly removed to this Court, and no further proceedings should be had in the State Court.

## **CONCLUSION**

The St. Louis County Department of Public Health, Dr. Sam Page, Dr. Faisal Khan, and County Counselor Beth Orwick hereby remove this action to the United States District Court for the Eastern District of Missouri, respectfully request that no further proceedings be had in the Circuit Court for St. Louis County, Missouri, and request that this Court grant such other and further relief as it deems just and proper.

Dated: July 30, 2021

Respectfully submitted,

**LEWIS RICE LLC**

/s/ Neal F. Perryman
Neal F. Perryman, 43057(MO)
Michael L. Jente, 62980(MO)
Benjamin M. Farley, 69073(MO)
600 Washington Ave., Ste. 2500
St. Louis, Missouri 63101-1311
Tel: (314) 444-7661
Fax: (314) 612-7661
E-mail: nperryman@lewisrice.com
         mjente@lewisrice.com
         bfarley@lewisrice.com

and

**BETH ORWICK**
**COUNTY COUNSELOR**

Beth Orwick, 52089(MO)
County Counselor
Office of County Counselor
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042 tel.
(314) 615-3732 fax
borwick@stlouisco.com

*Attorneys for the County Defendants*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on this 30th day of July, 2021, a true and correct copy of the foregoing was electronically filed and served via email and U.S. Mail upon:

Justin D. Smith,
D. John Sauer,
Jeff P. Johnson,
Michael E. Talent,
MISSOURI ATTORNEY GENERAL'S OFFICE
Post Office Box 899
Jefferson City, MO 65102
Justin.Smith@ago.mo.gov
John.Sauer@ago.mo.gov
Jeff.Johnson@ago.mo.gov
Michael.Talent@ago.mo.gov

*Attorneys for Plaintiff*

            /s/ Neal F. Perryman
            Neal F. Perryman