UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI ex rel. ERIC S. SCHMITT, ) ) ) | |
| Plaintiff(s), ) ) | |
| vs. ) ) | Case No. 4:21-cv-00948-SRC |
| SAM PAGE, et al., ) ) ) | |
| Defendant(s). ) | |

**Memorandum and Order**

In this case, the Missouri Attorney General filed suit in Missouri state court on behalf of the people of Missouri against Missouri local governments and officials, claiming numerous violations of the Missouri constitution, a recently-passed Missouri statute, and other Missouri laws.  But, the Missouri local governments and officials seek to avoid having the Missouri state courts decide the novel issues of Missouri state law that permeate this case.  Instead, the Missouri local governments and officials seek shelter in federal court on the slender reed of one sentence in a 41-page, nine-count petition; the Court questions whether that lone sentence gives it federal-question jurisdiction.

Mindful of a court's unflagging duty to first determine *whether* it has subject-matter jurisdiction and its *near* unflagging obligation to hear cases when it *in fact* has jurisdiction, courts may—and for reasons of federalism, should—decline to exercise jurisdiction over novel issues of state law, particularly when those state-law claims predominate.  Because of the exigent circumstances alleged by the Attorney General, and his motion seeking immediate relief, the Court assumes for the moment that it has subject-matter jurisdiction over the lone possible

federal claim and proceeds to decide whether it should decline to exercise supplemental jurisdiction over the novel and dominant state-law claims at hand.

I.      **Factual and procedural history**

General Schmitt filed suit in St. Louis County Circuit Court to prevent St. Louis County and the City of St. Louis from enforcing their recently-enacted "mask mandates." Public health officials in the County and the City issued new mask mandates in their effort to slow the continuing spread of the COVID-19 virus. Focusing on various Missouri state statutes and the Missouri Constitution, General Schmitt's Amended Petition challenges the legality of the mask mandates. General Schmitt names as defendants various local public officials, as well as the St. Louis County Department of Public Health and the Department of Health for the City of St. Louis. Just days after General Schmitt filed his Amended Petition, and mere hours before a scheduled temporary-restraining-order hearing in state court, the County Defendants removed the case from state court with the consent of the City Defendants, seeking to have the federal courts decide numerous novel issues of state law.

On July 26, 2021, St. Louis County and the City of St. Louis each issued mask mandates, requiring all individuals age five and older to wear masks indoors, regardless of vaccination status and with few exceptions. Doc. 10 at ¶ 55. On the same day, General Schmitt filed suit in the St. Louis County Circuit Court challenging the mask mandates. Doc. 8.

The next day, the St. Louis County Council voted to terminate the County's mask mandate by a vote of five to two at a regular meeting. Doc. 10 at ¶¶ 98, 105. The Council's vote notwithstanding, the following morning St. Louis County Executive Sam Page told reporters that the County's mask mandate was still in effect. *Id.* at ¶ 106. As a result, General Schmitt amended his Petition, Doc. 10, and filed a motion seeking a temporary restraining order

preventing the County from taking any action to enforce its mask mandate because the County Council already terminated the mask mandate under Mo. Rev. Stat. § 67.265.2.  Doc. 9.

One day later, General Schmitt filed notice that the St. Louis County Circuit Court would hear his motion on the next day, July 30, 2021, at 2:30 p.m.  Doc. 1-5, State Docket Sheet at 1.  At 11:10 a.m. the next day, the County Defendants removed the case to this Court, citing the Amended Petition's single reference to the Free Exercise Clause of the United States Constitution.  Doc. 1 at ¶ 15 (citing Doc. 10 at ¶ 162).  General Schmitt then requested that this Court hold a hearing on the TRO Motion on the next business day, August 2, 2021.  Doc. 13. Defendants have not filed any responsive pleadings to date.

General Schmitt's Amended Petition contains nine counts asserting state-law claims under the Missouri Constitution or Missouri statutes.  Doc. 10.  Count 1 seeks a declaration that the mask mandates are subject to the procedural requirements of Mo. Rev. Stat. § 67.265.1(1). *Id.* at ¶¶ 109–115.  Count 2 challenges the legitimacy of the mask mandates under Mo. Rev. Stat. § 67.265.4.  *Id.* at ¶¶ 116–123.  Counts 3 and 4 challenge the mask mandates as "unreasonable, arbitrary, or capricious" and "unlawful" under Mo. Rev. Stat. § 536.150.1, as applied to schoolchildren.  *Id.* at ¶¶ 124–136.  Counts 5 and 6 challenge the mask mandates as generally "unreasonable, arbitrary, or capricious" and "unlawful" under Mo. Rev. Stat. § 536.150.1.  *Id.* at ¶¶ 137–150.  Count 7 seeks a declaration that the mask mandates are unconstitutionally "void for vagueness" under the Missouri Constitution.  *Id.* at ¶¶ 151–156. Count 8 claims the mask mandates are "arbitrary and capricious" as applied to religious individuals and institutions, and thus violate Mo. Rev. Stat. § 536.150.1, Mo. Rev. Stat. § 1.302.1 (Missouri RFRA), and the Free Exercise Clause of the United States and Missouri constitutions.  *Id.* at ¶¶ 157–163.  And lastly Count 9 seeks a declaration that the St. Louis

County Council terminated the County's mask mandate by vote on July 27, 2021 under Mo. Rev. Stat. § 67.265.2. *Id.* at ¶¶ 164–177. Seemingly relevant to this Court's subject-matter jurisdiction, however, the prayer for relief does not seek relief under the federal constitution or any other federal law. *Id.* at pp. 40-41.

**II.     Standard**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). The federal court must remand the case to state court if it appears at any time that the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). All doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand to state court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

When the removing party invokes federal-question jurisdiction, the propriety of removal is governed by the allegations within the removed petition. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. The rule makes the plaintiff the master of the claim."). Because plaintiffs control the allegations within their petition, they may avoid federal jurisdiction by relying exclusively on state law. *Id.*; *Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

This case raises the question of whether a passing reference to the federal constitution in a state-court petition that only seeks relief under state law nonetheless arises under federal law. Rather than delaying a hearing on the TRO Motion, the Court will resolve the subject-matter

4

jurisdiction issue separately while proceeding to address the question of whether it would exercise supplemental jurisdiction over the state-law claims on which General Schmitt seeks immediate emergency relief.  *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").  If this Court were to decline to exercise supplemental jurisdiction, then the state court may proceed to determine the state-law claims, including the TRO Motion, without delay.  *See Id.; see also* 28 U.S.C. § 1337(c) (grounds for declining to exercise supplemental jurisdiction); 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. Discussion

#### A. Federal-Question jurisdiction

The Court must determine whether the Amended Petition asserts a claim "arising under the Constitution, laws, or treaties of the United States" that would provide   federal-question jurisdiction over this case.  28 U.S.C. § 1331.  "Federal question jurisdiction exists if the well-pleaded [petition] establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). Even if only one claim in a petition involves a substantial federal question, the entire matter may be removed.  *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 (2003)).

The overwhelming majority of the Amended Petition alleges violations of Missouri laws or the Missouri Constitution. Doc. 10. In Count 8, General Schmitt primarily alleges violations of the Missouri Constitution and Missouri RFRA; Count 8 contains an assertion that "the County Mask Mandate violates the Free Exercise Clause of the United States and Missouri constitutions" because it "requires officials to evaluate the sincerity of a religious belief." *Id.* at ¶ 162. In their Notice of Removal, Defendants argue that General Schmitt's invocation of the Free Exercise Clause of the United States Constitution confers federal-question jurisdiction because the federal-constitutional claim appears on the face of the Amended Petition. Doc. 1 at ¶¶ 15–18 (citing *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1004 (8th Cir. 2000) and *Hammond v. City of Ladue, Mo.,* 2010 WL 5392831, at *3 (E.D. Mo. Dec. 21, 2010)).

In both of those cases, the plaintiff sought relief for violations of the federal Constitution, unlike here where a lone passing reference to the federal Constitution does not form any basis on which the General Schmitt seeks relief. This raises a fundamental jurisdictional question of whether "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission*, 843 F.3d at 329 (quoting *Williams*, 147 F.3d at 702). As noted, the Court will determine that issue separately, and proceeds now to determine whether it would exercise supplemental over the multitude of state-law claims in the case.

B.  **Supplemental jurisdiction**

Even if the Court had original jurisdiction over any portion of this case, the Court would also have to determine whether to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(a) governs the Court's exercise of supplemental jurisdiction, stating "in any civil action of which the district courts have original jurisdiction, the district courts shall have

6

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997) (citation omitted). Claims derive from a common nucleus of operative fact if they "are such that [the asserting party] would ordinarily be expected to try them all in one judicial proceeding." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, all claims share the same "common nucleus of operative fact" in that all claims challenge the validity of the County's and the City's mask mandates. Doc. 10. They form part of the same case or controversy, and if considered without regard to federal or state character, are such that ordinarily would be adjudicated in a single judicial proceeding. Thus, if the Court had federal-question jurisdiction, it could exercise supplemental jurisdiction over the Missouri state-law claims under § 1367(a). For the present analysis, the Court leaves aside whether any abstention and related doctrines would counsel against determining novel state-law questions of first impression.

When supplemental jurisdiction exists under § 1367(a), the district court may decline to exercise supplemental jurisdiction in certain circumstances:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a *novel or complex issue* of State law,
> (2) the claim *substantially predominates* over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

7

28 U.S.C. § 1367(c) (emphasis added).  Section 1367(c) grants the district court discretion to reject jurisdiction over supplemental claims, "but only to a point."  *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) ("The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein.").  Where the case clearly fits within any one of the four subsections listed within § 1367(c), the court may decline to exercise supplemental jurisdiction "at any time in the litigation."  *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998).  The Court finds that the state-law claims in the Amended Petition both raise novel issues of state law and substantially predominate over what may (or may not) be a combined state-and-federal claim.

      **1.**     **Novel state-law issues**

The Court finds that at least three of the counts in General Schmitt's Amended Petition raise novel state-law issues.  Counts 1, 2, and 9 raise issues of first impression under Missouri law, as they seek an interpretation of a Missouri statute that took effect less than two months ago, Mo. Rev. Stat. § 67.265 (effective June 15, 2021).  Doc. 10 at ¶¶ 109–123, 164–177.  Missouri appellate courts have not interpreted this new statute.  And, the remaining claims raise novel applications of state law to a unique situation.  Doc. 10 at ¶¶ 124–163.  Federal courts, as a matter of comity, should not venture to interpret state laws in the absence of guidance from state appellate courts.  *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1038 (8th Cir. 1999) ("[N]ovel, complex, and important issues of state law on which the [state] appellate courts have given us little or no prior guidance . . . are precisely the types of issues as to which federal courts should hesitate to exercise § 1367 supplemental jurisdiction."); *Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia*, 93 F.3d 910, 921-23 (D.C. Cir. 1996) (district court abused its discretion by retaining supplemental jurisdiction over a novel issue of

8

state law) ("[P]rinciples of comity and the desirability of a surer-footed reading of applicable law support the determination of state claims in state court.   Determination by the state court is especially important where the case involves novel and unsettled issues of state law." (quoting *Grano v. Barry*, 733 F.2d 164, 169, (D.C. Cir. 1984)).   Because Counts 1, 2, and 9 rest upon an interpretation of a brand-new Missouri law, and the remaining claims raise novel applications of state law, the Missouri state courts should address these issues.   See *Ethex Corp. v. First Horizon Pharmaceutical Corp.*, 228 F.Supp.2d 1048, 1059 (E.D. Mo. 2002); *Alicia Street v. O'Toole*, 2021 WL 677909, at *13 (E.D. Mo. Feb. 22, 2021), *appeal docketed* 21-1524 (8th Cir. March 5, 2021). .   For this reason alone, the Court declines to exercise supplemental jurisdiction.

        **2.**       **Substantial predominance**

The Court also finds that the state-law claims in this case "substantially predominate" over any federal claim.   "Where 'the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.'"   *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3rd Cir. 2003), *as amended* (Nov. 14, 2003) (quoting *Gibbs*, 383 U.S. at 726); *see also TMTB I, LLC v. City of Manchester*, 2007 WL 3146562, at *2 (E.D. Mo. Oct. 25, 2007) (citing *Gibbs*, 383 U.S. at 726–27).   "[A] district court will find substantial predominance where a state claim constitutes the real body of a case, to which the federal claim is only an appendage—only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog[.]'"   *De* Asencio, 342 F.3d at 309.

9

This case is a Clifford-sized "state dog," with a whisp of a "federal tail" at best.   Aside from a passing reference to the federal Free-Exercise Clause in a single paragraph, every count in the nine-count Amended Petition, Doc. 10, asserts only claims based on Missouri law, the descriptive titles of each count (including Count 8) mention only state law, *id.* at ¶ 162, and the prayer for relief seeks relief only under state law, *id.* at pp. 40–41.   If a federal claim is buried in Count 8, it does not form the body of the case as a whole; any federal claim is, at most, an appendage.

To place a finer point on the analysis, Count 8 deals primarily with Missouri state law, evidenced by the descriptive title's reference only to state law, and the remainder of the Count's alleging that the mask mandates are either "unconstitutional, unlawful, unreasonable, arbitrary, or capricious" under Mo. Rev. Stat. § 536.150.1, or violate the Missouri Religious Freedom Restoration Act (RFRA), Mo. Rev. Stat. § 1.302.1.   Doc. 10 at ¶¶ 157–163. Additionally, while some other Counts apply to every resident of St. Louis County and St. Louis City age five and up, Count 8 only applies to a subset of those affected by the mask mandates—religious institutions and individuals who might perceive that wearing a face mask infringes upon their religious beliefs or practices.   Without in any way diminishing the seriousness of the issues raised in Count 8, the Court finds that the state-law issues predominate with regard to the scope of proof, issues raised, and the comprehensiveness of relief in this case.

As further evidence that state-law issues predominate in this case, the TRO Motion requests that the Court prevent Defendants from enforcing the St. Louis County mask mandate because the County Council terminated the mandate under Mo. Rev. Stat. § 67.265.2.   Doc. 9 at 9, 12–15.   The TRO Motion centrally focuses on whether enforcing the County mask mandate

violates Mo. Rev. Stat. § 67.265.2, not whether the mask mandate violates the federal Free Exercise Clause.

For the additional reason that state-law issues substantially predominate over any federal claim in Count 8, the Court also declines to exercise supplemental jurisdiction over any of the state-law claims in the Amended Petition.

## IV.  Conclusion

Assuming it has federal-question jurisdiction over some portion of Count 8, the Court declines to exercise supplemental jurisdiction over the state-law claims in General Schmitt's Amended Petition.   With this case involving the state itself suing state actors over an interpretation of a newly-enacted state law that the state adopted precisely to deal with local government health mandates regarding COVID-19, the fate of the mask mandates under Missouri law belongs in the Missouri state courts.   Accordingly, the Court remands this case to the state court, but for the present time retains jurisdiction over whatever portion of the claim in Count 8 that may arise under the Free Exercise Clause of the U.S. Constitution.   Doc. 10 at ¶ 162; *see also City of Manchester*, 2007 WL 3146562, at *2 (remanding to state court after declining to exercise supplemental jurisdiction over state-law claims that substantially predominated over the federal claims) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3rd Cir. 1995); *Johnson Cty. Park & Recreation Dist. v. Lexington Ins. Co.*, 2008 WL 11337949, at *4 (W.D. Mo. Sept. 3, 2008) (remanding state-law claims which predominated over claims for which the court had original jurisdiction).   In sum, the Court remands: a) the entirety of Counts 1 through 7 and 9, and b) Count 8, except for any portion that may arise under the Free Exercise Clause of the United States Constitution.   The Court will separately determine whether Count 8 states any federal-Free-Exercise claim.   In the meantime, the pending TRO

11

Motion, Doc. 9, raises purely issues of state law and relates only to the state-law claims in the Amended Petition, so the Court terminates it as a pending motion in this Court and leaves it for the state court to decide.

So Ordered this 1st day of August 2021.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE